09-4984-cv
Simmons v. Roundup Funding, LLC

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2009

(Argued: May 11, 2010        Decided: October 5, 2010)

Docket No. 09-4984-cv

- - - - - - - - - - - - - - - - - - - -x

LAMONT B. SIMMONS, MELISSA R. SIMMONS, on behalf of themselves and all others similarly situated,

   <u>Plaintiffs-Cross-Defendants</u>
   <u>-Appellants</u>,

   - v.-

ROUNDUP FUNDING, LLC,

   <u>Defendant-Counter-Claimant</u>
   <u>-Appellee</u>,

MALEN & ASSOCIATES, P.C.,

   <u>Defendant-Appellee</u>.[*]

- - - - - - - - - - - - - - - - - - - -x

  Before:   JACOBS, <u>Chief Judge</u>, WINTER and
       McLAUGHLIN, <u>Circuit Judges</u>.

 Appeal from a judgment of the United States District Court for the Southern District of New York (Sweet, J.),

---

 [*] We direct the Clerk of Court to amend the caption as noted.

dismissing on the pleadings a Fair Debt Collection Practices Act claim. We hold that a proof of claim filed in bankruptcy court cannot form the basis for a claim under the Fair Debt Collection Practices Act, and therefore affirm the dismissal. We vacate the award of costs and attorneys' fees in favor of defendants.

JOSHUA N. BLEICHMAN, Law Offices of Joshua N. Bleichman, Spring Valley, NY, for Plaintiffs-Cross-Defendants-Appellants.

PAUL WILLIAM MAHLER, Malen & Associates, P.C., Westbury, NY, for Defendant-Appellee Malen & Associates;

LINH K. TRAN, Seattle, WA, for Defendant-Counter-Claimant-Appellee Roundup Funding, LLC.

DENNIS JACOBS, Chief Judge:

Lamont and Melissa Simmons ("the Simmons") allege that an inflated proof of claim filed by a creditor in their bankruptcy proceeding constituted a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. They appeal from a judgment of the United States District Court for the Southern District of New York (Sweet, J.), dismissing their complaint on the pleadings. We hold that such a proof of claim cannot form the basis for a claim

under the FDCPA, and therefore we affirm.

# I

The Simmons sought protection in bankruptcy in October 2007. In December 2007, Roundup Funding, LLC ("Roundup") filed a proof of claim for a debt in the claimed amount of $2,039.21. The Simmons filed an objection, and Roundup's counsel, Malen & Associates ("Malen"), filed a response (which, it is alleged, included no relevant information). At a hearing on April 17, 2008, the bankruptcy court reduced the Roundup claim to $1,100, the amount the Simmons conceded they owed.

On July 10, 2008, the Simmons brought a putative class action against Roundup and Malen, alleging that they had violated the FDCPA by misrepresenting the amount of the Simmons's debt. An amended complaint reflected the same underlying theory.

Malen and Roundup moved to dismiss under Rule 12(b)(6) on the ground that an inflated proof of claim in bankruptcy court cannot form the basis for an FDCPA action as a matter of law, and also sought costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3). Their motions to dismiss and

their requests for attorneys' fees and costs were granted by the district court, <u>Simmons v. Roundup Funding, LLC</u>, No. 08-CV-6263, 2009 U.S. Dist. LEXIS 87383 (S.D.N.Y. Sept. 22, 2009), and the Simmons's appeal followed.[1]

**II**

**A**

"We review a district court's grant of a motion to dismiss under Rule 12(b)(6) <u>de novo</u>." <u>Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.</u>, 517 F.3d 104, 115 (2d Cir. 2008) (internal quotation marks omitted).

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Among other things, the FDCPA bars misrepresentation of "the character, amount, or legal status of any debt." <u>Id.</u> § 1692e(2)(A).

"Congress acted with the aim of eliminating abusive

---

[1] It is unclear from their briefs whether the Simmons are appealing the dismissal of their claim as well as the grant of attorneys' fees and costs or just the latter. Their lawyer failed to clarify the point when asked to do so at oral argument. However, the Simmons's brief at one point states that the district court "erred . . . in . . . dismissing the Plaintiff's [sic] case"; so we divine that they appeal the dismissal.

4

practices in the debt collection industry, and also sought to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged. These purposes inform the FDCPA's many provisions." Jacobson v. Healthcare Fin. Servs., 516 F.3d 85, 89 (2d Cir. 2008) (internal quotation marks omitted) (citing 15 U.S.C. § 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors....")).

Federal courts have consistently ruled that filing a proof of claim in bankruptcy court (even one that is somehow invalid) cannot constitute the sort of abusive debt collection practice proscribed by the FDCPA, and that such a filing therefore cannot serve as the basis for an FDCPA action. See, e.g., B-Real, LLC v. Rogers, 405 B.R. 428, 431-32 (M.D. La. 2009) ("[T]he Bankruptcy Code itself contemplates a creditor filing a proof of claim on a time-barred debt and the Bankruptcy Court disallowing such claim after objection from the debtor. It is difficult for this Court to understand how a procedure outlined by the Bankruptcy Code could possibly form the basis of a violation under the FDCPA."); Middlebrooks v. Interstate Credit

5

Control, Inc., 391 B.R. 434, 437 (D. Minn. 2008) (holding that an FDCPA action cannot be premised on the filing of a proof of claim in bankruptcy court); Gray-Mapp v. Sherman, 100 F. Supp. 2d 810, 813-14 (N.D. Ill. 1999) (same); Baldwin v. McCalla, No. 98-C-4280, 1999 U.S. Dist. LEXIS 6933, at *10-11 (N.D. Ill. Apr. 19, 1999) (same).

We join these courts. The FDCPA is designed to protect defenseless debtors and to give them remedies against abuse by creditors. There is no need to protect debtors who are already under the protection of the bankruptcy court, and there is no need to supplement the remedies afforded by bankruptcy itself.

**B**

"The FDCPA . . . was designed to protect against the abusive debt collection practices likely to disrupt a debtor's life." Mace v. Van Ru Credit Corp., 109 F.3d 338, 343 (7th Cir. 1997). "Debtors in bankruptcy proceedings do not need protection from abusive collection methods that are covered under the FDCPA because the claims process is highly regulated and court controlled. While the FDCPA's purpose is to protect unsophisticated consumers from unscrupulous

6

debt collectors, that purpose is not implicated when a debtor is instead protected by the court system and its officers." B-Real, 405 B.R. at 432 (footnote omitted)(internal quotation marks omitted). Thus debtors are protected in bankruptcy proceedings--and by discharge afterward.

C

Bankruptcy provides remedies for wrongfully filed proofs of claim. "It is beyond cavil that past bankruptcy practice, as well as explicit Bankruptcy Code provisions, have left the remedy for fraudulent and otherwise defective proofs of claim to the Bankruptcy Code." Baldwin, 1999 U.S. Dist. LEXIS 6933, at *14 (referencing 11 U.S.C. §§ 105, 1330); see also Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 510 (9th Cir. 2002) ("Nothing in either [the Bankruptcy Code or the FDCPA] persuades us that Congress intended to allow debtors to bypass the Code's remedial scheme when it enacted the FDCPA. While the FDCPA's purpose is to avoid bankruptcy, if bankruptcy nevertheless occurs, the debtor's protection and remedy remain under the Bankruptcy Code."). These remedies include revocation of fraudulent proofs of

claim and the court's contempt power. See Baldwin, 1999 U.S. Dist. LEXIS 6933, at *14. Without seeking these remedies, the Simmons filed suit under the FDCPA. "Nothing in either the Bankruptcy Code or the FDCPA suggests that a debtor should be permitted to bypass the procedural safeguards in the Code in favor of asserting potentially more lucrative claims under the FDCPA. And nothing in the FDCPA suggests that it is intended as an overlay to the protections already in place in the bankruptcy proceedings." Gray-Mapp, 100 F. Supp. 2d at 814.

As the district court held, the filing a proof of claim in bankruptcy court cannot form the basis for an FDCPA claim.[2]

### III

"On a finding by the court that an action under this

---

[2] Some courts have ruled more broadly that no FDCPA action can be based on an act that violates any provision of the Bankruptcy Code, because such violations are dealt with exclusively by the Bankruptcy Code. See, e.g., Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 510 (9th Cir. 2002); Diamante v. Solomon & Solomon, P.C., 1:99-CV-1339, 2001 U.S. Dist. LEXIS 14818, at *18 (N.D.N.Y. Sept. 18, 2001); Kibler v. WFS Fin., CV-00-5217, 2000 U.S. Dist. LEXIS 19131, at *33 (C.D. Cal. Sept. 12, 2000). This broader rule has not been universally accepted, see Randolph v. IMBS, Inc., 368 F.3d 726, 732-33 (7th Cir. 2004), and we are not compelled to consider it in this case.

section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). "[W]e review for abuse of discretion a district court's decision to award attorneys' fees to a defendant pursuant to the FDCPA." Jacobson, 516 F.3d at 96. The district court granted motions by Roundup and Malen for costs and attorneys' fees related to the motions to dismiss. The finding that this action was brought "in bad faith and for the purpose of harassment," see 15 U.S.C. § 1692k(a)(3), seems to have been premised upon the conclusion that this action was meritless and properly dismissed on the pleadings. While we agree with the district court's ruling on the merits of the claim, see supra Part II, the merits turned on a question of law that was, until this opinion, undecided in this Circuit. The assertion of the claim did not by itself prove bad faith. Accordingly, we vacate the judgment insofar as it grants Malen and Roundup attorneys' fees and costs related to the motions to dismiss.

Notwithstanding our vacatur, we cannot disagree with the district court's characterization that the Simmons were

9

"careless" in their pursuit of this action below, <u>Simmons</u>, 2009 U.S. Dist. LEXIS 87383, at *2, and continue to be so here. Therefore, we grant reasonable costs of this appeal in favor of Malen and Roundup.

* * *

For the foregoing reasons, we affirm the district court's dismissal of the Simmons's claim, vacate the grant of attorneys' fees and costs related to the motions to dismiss, and grant Malen and Roundup reasonable costs of this appeal.