**In re Chad Jorge A. McMILLEN, Debtor.**

**Chad Jorge A. McMillen, Plaintiff,**

**v.**

**Syndicated Office Systems, Inc. d/b/a Central Financial Control, Defendant.**

**Bankruptcy No. 09–74093–JB.**
**Adversary No. 09–6611–JB.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Nov. 15, 2010.

III, and former Mercantile President Andrew Cheney.

Ralph Goldberg, Goldberg & Cuvillier, P.C., Decatur, GA, for Plaintiff.

Central Financial Control, pro se.

Daniel J. Hoppe, Jr., The Law Office of Daniel J. Hoppe, Atlanta, GA, for Defendant.

## ORDER

JOYCE BIHARY, Bankruptcy Judge.

Plaintiff Chad McMillen, a Chapter 13 debtor, filed this adversary proceeding against defendant Central Financial Control alleging violations under the Fair Debt Collection Practices Act (the "FDCPA"), based solely on defendant's filing of duplicate proofs of claim in the amount of $550.00 in plaintiff debtor's Chapter 13 bankruptcy case. Plaintiff alleges violations under 15 U.S.C. § 1692e(2)(A), (5), and (10) and seeks $1,000 in statutory damages, $5,000 in actual damages, and attorney's fees. Defendant has filed a motion for judgment on the pleadings. (Docket No. 17). The Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), and this is a core proceeding. After considering the record, the arguments of both parties, and the applicable law, the Court concludes that the filing of duplicate proofs of claim in this case does not give rise to a claim under the FDCPA and defendant's motion should be granted.

### I. Procedural Background

Ironically, this adversary proceeding began with plaintiff's counsel filing duplicate adversary proceedings alleging violations under the FDCPA based on defendant's filing duplicate proofs of claim in plaintiff's Chapter 13 case. Plaintiff's counsel filed the first complaint in Adversary Proceeding No. 09–6542, and plaintiff's counsel filed an identical complaint five weeks later, Adversary Proceeding No. 09–6611. It was only after status conferences in both adversary proceedings were sched-

uled that plaintiff's counsel filed a dismissal of the complaint in Adversary Proceeding No. 09–6542. Plaintiff then filed a motion for default judgment in Adversary Proceeding No. 09–6611.

Plaintiff's counsel Ralph Goldberg appeared before the Court at the status conference on February 1, 2010, and the Court advised counsel that the motion for default judgment could not be granted because he had not served the complaint properly. The Court also advised Mr. Goldberg that the law appeared clear that an FDCPA cause of action cannot be based on the filing of duplicate proofs of claim in a bankruptcy proceeding. Mr. Goldberg asked for time to submit a brief on this point. After reviewing plaintiff's brief, the Court entered an Order on February 25, 2010, denying plaintiff's request for default judgment because the complaint was not properly served and explaining the difficulties with the arguments contained in plaintiff's brief. The February 25, 2010 Order provided that if plaintiff wished to pursue the matter, he must effectuate proper service of the complaint, a summons, plaintiff's brief and the Court's February 25, 2010 Order.

Plaintiff filed an amended complaint adding two sentences to the allegations in paragraph five of the complaint which read as follows: "The filing of each proof of claim was an attempt to collect a debt. Moreover, Defendant never withdrew its proof of claim despite receiving notice that it had filed two proofs of claim". Defendant filed an answer, and the Court held a status conference with counsel for both parties present on June 24, 2010. Defendant filed a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.

At the June 24, 2010 status conference, plaintiff's counsel agreed that plaintiff incurred the debt for $550.00, and plaintiff is not arguing that he does not owe the debt.

Plaintiff's counsel stated that his real objection was having to file an objection to a duplicate proof of claim instead of defendant just withdrawing the duplicate proof of claim. Since plaintiffs amended complaint stated that defendant received notice that it had filed two proofs of claim but failed to withdraw one of the claims, the Court asked counsel whether he wrote defendant to ask that defendant withdraw the duplicate proof of claim. Plaintiff's counsel responded, "yes your Honor, I did do that". The Court asked whether the letter was in the record, and plaintiff's counsel responded that it was not. The Court asked plaintiff's counsel for the date he sent a letter, what kind of letter he sent, and to whom. Plaintiff's counsel first responded that he sent a letter to the person who filed the proof of claim before he filed an objection to the proof of claim. Later plaintiff's counsel expressed some doubt as to whether he really sent a letter or just filed an objection to the proof of claim. The Court directed plaintiff's counsel to file a pleading setting forth the specific facts with regard to any written request he made to defendant to withdraw the duplicate proof of claim. On June 29, 2010, the Court entered an Order setting certain deadlines and the Order contained the following pertinent direction:

> Plaintiff's counsel is directed to file a pleading clarifying what attempts were made to communicate with defendant regarding a duplicate proof of claim prior to filing the July 31, 2009 objection and to attach any such correspondence as an exhibit to the pleading. · Such pleading should be filed within **ten (10) days** of entry of this Order.

Plaintiff's counsel did not file a separate pleading pursuant to this direction. Instead, he filed a response to defendant's motion for judgment on the pleadings, merely stating that defendant filed two proofs of claim for the same amount and

that plaintiff filed an objection to one of the proofs of claim. Plaintiff's response did not address or clarify whether counsel mailed defendant a letter requesting a withdrawal of a duplicate proof of claim despite the clear direction from the Court at the hearing and in the June 29, 2010 Order.

## II. Analysis

■ Defendant argues for a dismissal of plaintiff's FDCPA claims under Federal Rule of Civil Procedure 12(c), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b). A Rule 12(c) motion for judgment on the pleadings for failure to state a claim upon which relief can be granted invokes the same legal analysis as a Rule 12(b)(6) motion to dismiss. 5C CHARLES ALAN WRIGHT & ARTHUR MILLER, Federal Practice and Procedure § 1367 (3d ed. 2004); 2 MOORE'S MANUAL: FEDERAL PRACTICE AND PROCEDURE § 16.01 (Mathew Bender 2009). The distinction is simply one of timing: a Rule 12(b)(6) motion comes before the answer is filed, and a Rule 12(c) motion must come after the answer. Thus, a judgment on the pleadings is appropriate when there are no issues of material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir.1998). In reviewing a motion for judgment on the pleadings, the court accepts the facts in the complaint as true and views them in the light most favorable to the nonmoving party. *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir.2008). However, a court is not required to accept as true, legal conclusions couched as factual allegations or unwarranted deductions of fact. *Ashcroft v. Iqbal*, 556 U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570,

127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

The facts are undisputed. Debtor filed a petition for relief under Chapter 13 on June 1, 2009. Defendant Central Financial Control filed two virtually identical proofs of claim on June 10, 2009. Both proofs of claim were for $550.00, and the basis of the claim was a service at North Fulton Regional Hospital on March 12, 2009. The proofs of claim were identified in the claims register as Claim No. 2 and Claim No. 3. The only differences between the two claims are the number by which the creditor identified the debtor and the proof of claim clerk listed for Central Financial Control. One proof of claim (Claim No. 3) was signed by a Kim Steves as "POC Clerk", and the other proof of claim (Claim No. 2) was signed by a Donald Boyd as "POC Clerk".

On July 31, 2009, debtor filed an objection to Claim No. 3 solely on the grounds that it was duplicative of Claim No. 2. Contrary to debtor's counsel's suggestion in Court on June 24, 2010, counsel apparently did not notify defendant Central Financial Control by letter or otherwise to request a withdrawal of one of the claims prior to filing an objection. Moreover, debtor served his objection to Claim No. 3 on Donald Boyd, the POC Clerk who signed Claim No. 2. The objection was not served on Kim Steves, the POC Clerk who signed Claim No. 3, the claim to which debtor was objecting. There was no opposition to the objection, and the Court entered an order sustaining the objection and disallowing Claim No. 3. However, defendant Central Financial Control also withdrew Claim No. 2 on October 12, 2009 with the following language, "I Donald Boyd on behalf of Central Financial Control am requesting the withdrawal of Claim # 2 for $550.00 for Case # 09–74093 for Chad McMillan filed twice in error". Thus, the

POC Clerk debtor served with the objection withdrew Claim No. 2 as filed by mistake, counsel for the debtor prepared an order disallowing Claim No. 3, and the Chapter 13 Trustee has paid no funds from the estate to Central Financial Control. Debtor did not object to defendant Central Financial Control's claim on the merits, as plaintiff admits he incurred the $550.00 debt for services rendered at North Fulton Regional Hospital.

These facts simply do not support plaintiff's claim for damages and attorney's fees under the FDCPA. In fact, the Court advised plaintiff that his claims were without merit in the Order denying plaintiff's motion for default judgment. See Order entered February 25, 2010, in which the Court specifically advised counsel as follows:

> [T]here are many cases where courts have dismissed complaints holding that an FDCPA cause of action cannot be based on filing a proof of claim during a bankruptcy proceeding or that an FDCPA cause of action based on a proof of claim is precluded by the Bankruptcy Code. It is unclear whether counsel considered these cases before filing the complaint. They include *Jacques v. U.S. Bank N.A. (In re Jacques)*, 416 B.R. 63, 80 (Bankr.E.D.N.Y.2009) (holding that filing a proof of claim is not a prohibited activity under the FDCPA); *B–Real, LLC v. Chaussee (In re Chaussee)*, 399 B.R. 225, 237 (9th Cir. BAP 2008) (holding that the Bankruptcy Code precludes the application of the FDCPA when debtor's only contention is that defendant filed proofs of claim); *B–Real, LLC v. Rogers*, 405 B.R. 428, 431 (M.D.La. 2009) ("It is difficult for this court to understand how a procedure outlined by the Bankruptcy Code could possibly form the basis of a violation under the FDCPA."); *Middlebrooks v. Interstate Credit Control, Inc.*, 391 B.R. 434, 437 (D.Minn.2008) ("[W]here the alleged misconduct giving rise to an FDCPA claim occurred as part of the bankruptcy proceedings, 'allowing a bankrupt debtor to assert an FDCPA claim could potentially undermine the Bankruptcy Code's specific provisions for administration of the debtor's estate.'" (quoting *Molloy v. Primus Auto. Fin. Servs.*, 247 B.R. 804, 820 (C.D.Cal.2000))); *Gray–Mapp v. Sherman*, 100 F.Supp.2d 810 (N.D.Ill. 1999); *Baldwin v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.*, No. 98 C 4280, 1999 WL 284788 (N.D.Ill. Apr.26, 1999); *Pariseau v. Asset Acceptance, LLC (In re Pariseau)*, 395 B.R. 492, 496 (Bankr.M.D.Fla.2008); *Gilliland v. Capital One Bank (In re Gilliland)*, 386 B.R. 622 (Bankr.N.D.Miss. 2008).

(February 25, 2010 Order, pp. 5–6).

Since this Court's February 25, 2010 Order, the Second Circuit issued an opinion holding that an inflated proof of claim filed in a debtor's bankruptcy proceeding could not form the basis for a claim under the FDCPA. *Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 96 (2d Cir. 2010). In *Simmons*, the creditor filed a proof of claim in debtors' bankruptcy, the debtors filed an objection to the claim, and the bankruptcy court reduced the claim to the amount debtors conceded they owed. The debtors then brought a putative class action in district court against the creditor alleging that the creditor violated the FDCPA by misrepresenting the amount of the debt in the proof of claim. The Second Circuit affirmed the dismissal of the action on a Rule 12(b)(6) motion. In doing so, the Second Circuit agreed with the consistent view among federal courts that "filing a proof of claim in bankruptcy court (even one that is somehow invalid) cannot constitute the sort of abusive debt collection practice proscribed by the FDCPA and that such a filing therefore cannot serve as

912

the basis for an FDCPA action". *Simmons*, 622 F.3d 93, 94.

The rationale in *Simmons* is compelling. The Court referenced the purpose of the FDCPA which is to protect defenseless debtors and to give them remedies against abuse by creditors. Significantly, the *Simmons* court recognized the regulated and court controlled claims process in bankruptcy court and the remedies available in bankruptcy court to deal with overstated or allegedly fraudulent proofs of claim. Joining many courts, the *Simmons* court held "[t]here is no need to protect debtors who are already under the protection of the bankruptcy court, and there is no need to supplement the remedies afforded by bankruptcy itself." 622 F.3d 93, 2010 WL 3859609, at *2.

■ In addition, filing a proof of claim in bankruptcy cannot be the basis for an FDCPA claim, because it is not an activity against a consumer debtor. The FDCPA is designed to regulate debt collection activities against unsophisticated consumers. To constitute a debt collection activity under the FDCPA, the activity must be asserted against a consumer. The filing of a proof of claim is a request to participate in the distribution of the bankruptcy estate under court control. It is not an effort to collect a debt from the debtor, who enjoys the protections of the automatic stay. *Jacques v. U.S. Bank N.A. (In re Jacques )*, 416 B.R. 63, 80 (Bankr.E.D.N.Y. 2009); *see also B–Real, LLC v. Chaussee (In re Chaussee )*, 399 B.R. 225, 244 (9th Cir. BAP 2008) (Jury, J., concurring).

Debtor argues for a liberal construction of the FDCPA, but his argument fails to take into account the reasoning and analysis in the cases referred to above. The FDCPA is unquestionably a remedial statute, but nothing in the Act suggests that it was intended or can apply to the case at bar. Filing a duplicate proof of claim by mistake is not the type of activity that the FDCPA was intended to address. Plaintiff's counsel seeks damages and attorney's fees for filing a one-page objection to a duplicate proof of claim. His objection was promptly sustained, and the defendant withdrew the other proof of claim. There is simply no factual or legal basis upon which plaintiffs claims can survive defendant's motion for judgment on the pleadings.

In response to defendant's motion for judgment on the pleadings, plaintiff argues that it is "routinely recognized" that filing a proof of claim is a debt collection activity. However, the cases cited by plaintiff all address a creditor's right to recover attorney's fees in bankruptcy, and none of them involves an FDCPA claim. Plaintiff relies on *In re Dwiggins,* 359 B.R. 717, 723 (Bankr.W.D.Ark.2007) for the proposition that "[t]he filing of a proof of claim is arguably the most fundamental step in collecting a debt in bankruptcy." The issue in *Dwiggins* was whether a creditor could include attorneys fees in its proof of claim pursuant to § 506(b) of the Bankruptcy Code. The underlying note allowed for the recovery of attorney's fees and provided that the debtor would pay attorneys fees incurred by the creditor to collect on the debt. Holding that the attorney's fees incurred in filing the proof of claim were collectable under the note, the court stated that the filing of a proof of claim is an action to collect debt. The *Dwiggins* court did not hold that filing a proof of claim was a prohibited action to collect a consumer debt from a borrower under the FDCPA. Plaintiff's reliance on *Travelers Cas. & Sur. Co. of America v. Pac. Gas & Elec. Co.,* 549 U.S. 443, 449, 127 S.Ct. 1199, 167 L.Ed.2d 178 (2007); *In re Gordon–Brown,* 340 B.R. 751, 758 (Bankr.E.D.Pa.2006); *In re Madison,* 337 B.R. 99, 104 (Bankr.N.D.Miss.2006); *In re Acevedo Davila,* 2009 WL 249833 (D.P.R. 2009); *Fleet Finance, Inc. v. Bostic (In re*

*Bostic)*, 1995 WL 17005376 (Bankr.S.D.Ga. 1995) is similarly misplaced. These cases also involve whether attorney's fees were recoverable in a given claim filed in a bankruptcy case and have nothing to do with the FDCPA.

Debtor's only other argument is that *Heintz v. Jenkins*, 514 U.S. 291, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995) supports his FDCPA claim.[1] This too is without merit. The Supreme Court in *Heintz* held that the FDCPA applies to lawyers who are regularly engaged in debt collection litigation. Nothing in *Heintz* suggests that filing proofs of claim in bankruptcy and participating in the claims process provided for in the Bankruptcy Rules and Code is a debt collection activity within the meaning of the FDCPA.

■ Even if filing a proof of claim in a bankruptcy proceeding was considered to be a debt collection activity within the meaning of the FDCPA and even if the FDCPA was intended to provide a means by which a bankruptcy debtor could assert a claim for damages and attorney's fees against creditors who file proofs of claims, plaintiff's claim here would still fail because defendant's mistaken filing of duplicate proofs of claim does not constitute the type of abusive conduct prohibited under Section 1692e(2)(A), (5) or (10) of the FDCPA.

Congress enacted the FDCPA in 1977 as an amendment to the Consumer Credit Protection Act to "protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors". Consumer Credit Protection Act, S.Rep. No. 95–382, at 1–2 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1696. The stated purpose of the statute is found in 15 U.S.C. § 1692(e) and provides as follows:

It is the purpose of this subchapter to eliminate *abusive* debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection *abuses*.

15 U.S.C. § 1692(e) (emphasis added). Section 1692e provides that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of debt. The statute contains sixteen subsections listing types of conduct that are considered false, deceptive, or misleading. Plaintiff's complaint alleges violations under three of these subsections, § 1692e(2)(A), (5), and (10).

■ Under 15 U.S.C. § 1692e(2)(A), debt collectors are prohibited from giving a "false representation of the character, amount, or legal status of any debt". Filing a duplicate proof of claim in error is not a "false representation". To constitute a "false representation" under § 1692e(2)(A), the representation must be more than technically false, but also one that would mislead the least-sophisticated consumer. *Wahl v. Midland Credit Mgmt.*, 556 F.3d 643, 645–46 (7th Cir. 2009); *see also LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193–94 (11th Cir.2010) (stating that the Eleventh Circuit has adopted the "least-sophisticated consumer" standard for FDCPA claims under § 1692e). In this case, even the most uninformed, naive, or trusting debtor would perceive a filing error before believ-

---

1. Plaintiff argues again that *Randolph v. IMBS*, 368 F.3d 726 (7th Cir.2004) supports a holding that a proof of claim can serve as the basis for an FDCPA claim. The Court dis-

cussed and distinguished *Randolph* in its February 25, 2010 Order and that discussion need not be repeated here.

ing that he owed twice on the same debt. Here, plaintiff immediately recognized Claims No. 2 and No. 3 as duplicative and filed an objection to disallow Claim No. 3. The objection was sustained, and then defendant withdrew the other claim, Claim No. 2. Similarly, 15 U.S.C. § 1692e(10) prohibits debt collectors from "us[ing] ... false representation or deceptive means to collect or attempt to collect any debt", and defendant's filing of a duplicate proof of claim by mistake is not a "false representation" or a "deceptive act" to collect a debt.

Section 1692e(5) prohibits debt collectors from "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken". 15 U.S.C. § 1692e(5). Black's Law Dictionary defines a "threat" as "a communicated intent to inflict harm or loss on another or another's property ... [or] an indication of an approaching menace [such as] the threat of bankruptcy". *LeBlanc*, 601 F.3d at 1195 (citing BLACK's LAW DICTIONARY 1489–90 (7th ed. 1999)). Whether a creditor's communication constitutes a "threat" turns on the inference most likely to be drawn by the "least-sophisticated consumer". *Id.* at 1195–97. In this case, defendant's duplicate proof of claim is not likely to intimidate and is decidedly not a threat within the meaning of § 1692e(5). Moreover, violations of § 1692e(5) most often involve debt collector communications with consumers that directly threaten or intimate a threat of legal action against the consumer. In this case, the debtor was already in bankruptcy, under the protection of the bankruptcy court, and the proof of claim asserted a right against the debtor's estate, not a threat to the debtor or his property.

In conclusion, an FDCPA action cannot be based on filing a proof of claim during a bankruptcy proceeding, and plaintiff's complaint does not state a claim under 15 U.S.C. § 1692e(2)(A), (5) or (10). Accordingly, defendant's motion for a judgment on the pleadings is GRANTED, and plaintiff's complaint is DISMISSED with prejudice.

It is so Ordered.