10-4786-cv
Allison v. Round Table

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of January, two thousand twelve,

Present:     ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
             RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*.

_____

DONALD ALLISON,

                              *Plaintiff-Appellant*,

             -v-                              10-4786-cv

ROUND TABLE INVESTMENT MANAGEMENT
COMPANY, LP, ROUND TABLE INVESTMENT
FUND, GP, IAN G. BANWELL,

                              *Defendants-Appellees.*

_____

Appearing for Appellant:     Laura S. Schnell, Eisenberg & Schnell LLP, New York, N.Y.

Appearing for Appellees:     Douglas M. Jarrell, Nathan C. Chase, Jr., Robinson, Bradshaw &
                             Hinson, P.A., Charlotte, N.C., Katherine L. Pringle, Friedman
                             Kaplan Seiler & Adelman LLP, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Daniels, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Donald Allison brought a diversity action claiming fraud under New York law in the Southern District of New York against his former employers, appellees. The district court dismissed Allison's fraud claims pursuant to Federal Rule of Civil Procedure 12(b)(6), finding that Allison did not adequately plead fraudulent intent, reasonable reliance, or causation of damages— elements of the common law New York fraud claim forming the basis for this action. Allison alleges that Ian Banwell, a principal of Round Table, misrepresented to him that Bank of America Capital had committed $1 billion in funding to Round Table, when in fact Bank of America Capital had made only a matching commitment of up to $1 billion. He alleges that this misrepresentation caused him to leave his prior employer, UBS, in October of 2007, rather than in March of 2008, when he was due a $1.75 million bonus from UBS. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a district court's grant of a motion to dismiss under Rule 12(b)(6) de novo. *Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 95 (2d Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citation omitted). In reviewing a Rule 12(b)(6) dismissal, we "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner*, *Inc.,* 282 F.3d 147, 152 (2d Cir. 2002).

In New York, "[i]n an action to recover damages for fraud, the plaintiff must prove a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury." *Lama Holding Co. v. Smith Barney*, 88 N.Y. 2d 413, 421 (1996).

The district court found that Allison's complaint did not sufficiently plead fraudulent intent, reasonable reliance, and causation of damages. After reviewing the complaint de novo, we find that, at a minimum, Allison failed to plead reasonable reliance. "Under New York law, a plaintiff must establish that his reliance was justifiable, both in the sense that the party claiming to have been defrauded was justified in believing the representation and that he was justified in acting upon it." *Compania Sud-Americana de Vapores, S.A. v. IBJ Schroder Bank & Trust Co.,* 785 F. Supp. 411, 419 (S.D.N.Y. 1992). Further, under our interpretation of New York law, in most cases, where a sophisticated party "has been put on notice of the existence of material facts which have not been documented and he nevertheless proceeds with a transaction without securing the available documentation or inserting appropriate language in the agreement for his protection," his reliance cannot be said to be reasonable. *Lazard Freres & Co. v. Protective Life Insurance Co.*, 108 F.3d 1531, 1543 (2d Cir. 1997) (emphasis and citation omitted). The facts

pleaded in the complaint indicate that Allison had an MBA from Harvard and "over twenty-five years of work experience in capital markets and investments, including senior level positions," *Cmpl.* at 1, with major global financial firms. What is not pleaded in the complaint is any plausible reason why a party with this level of sophistication was reasonable in relying entirely on an oral representation about the level of a capital commitment, when by that party's own admission, the truth or falsity of that representation was worth at least $1.75 million to him. There are simply no facts in Allison's complaint from which a district court could draw an inference of reasonable reliance.

We have examined the remainder of appellant's arguments and find them to be without merit.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk