10-1566-cv
Hedges v. Town of Madison

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY  FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


        At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of January, two thousand twelve,

Present:        PIERRE N. LEVAL,
                ROSEMARY S. POOLER,
                DEBRA A. LIVINGSTON,
                        *Circuit Judges*.

_____

DANIEL R. HEDGES,

                        *Plaintiff-Appellant*,

                -v-                                        10-1566-cv

TOWN OF MADISON, MADISON POLICE DEPARTMENT,
MADISON BOARD OF POLICE COMMISSIONER,
EMILE GEISENHEIMER, GARRY GYENIZS,
EDWARD KRITZMAN, LAWRENCE MOON,
DAVID SMITH, ALLEN GERARD, TRENT FOX,

                        *Defendants-Appellees*.

_____


Appearing for Appellant:        Edmond Clark, Law Office of Edmond Clark, Madison, C.T.


Appearing for Appellees:        Scott M. Karsten, Karsten, Dorman & Tallberg, LLC, West
                                Hartford, C.T.

Appeal from the United States District Court for the District of Connecticut (Dorsey, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED** in part and **REVERSED** and **REMANDED** in part.

Appellant Daniel Hedges brought suit against his former employer, the Town of Madison, Madison's police department, and various Madison officials, claiming employment discrimination under a number of federal and state laws. The district court dismissed all of his claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Hedges appeals the dismissal of his claims under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et. seq ("ADEA"); the Americans with Disabilities Act, 42 U.S.C. § 12112(a) ("ADA"); Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60(a)(1); and the due process clause of the Connecticut Constitution. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a district court's grant of a motion to dismiss under Rule 12(b)(6) de novo. *Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 95 (2d Cir. 2010). The pleading standard for employment discrimination complaints is somewhat of an open question in our circuit. Prior to 2002, we required that plaintiffs claiming employment discrimination plead a prima facie case under the *McDonnell-Douglas* framework, which in turn required the plaintiff to show "(1) membership in a protected group; (2) qualification for the job in question; (3) an adverse employment action; and (4) circumstances that support an inference of discrimination." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002). This is the standard the district court applied to Hedges's ADEA and ADA claims. But the Supreme Court in *Swierkiewicz v. Sorema N. A.* expressly held "that an employment discrimination plaintiff need not plead a prima facie case of discrimination," *id*. at 515, indicating that notice pleading under Rule 8(a) was sufficient for employment discrimination act claims. *Swierkiewicz* came before *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), however, and it relied on the *Conley* standard of pleading which those cases rejected. *See Swierkiewicz*, 534 U.S. at 512. In *Twombly*, the Court said that its analysis of the relevant pleading standard did not run counter to *Swierkiewicz*, because *Twombly* did not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570. Still, *Swierkiewicz*'s reliance on *Conley* suggests that, at a minimum, employment discrimination claims must meet the standard of pleading set forth in *Twombly* and *Iqbal*, even if pleading a prima facie case is not required. We need not resolve these conflicts here, however, for Hedges's claims fail any conceivable standard of pleading.

Hedges's first allegation is that he was fired by defendants because he was nearing the age of retirement. This, he alleges, constitutes a violation of the ADEA. Outside of those facts going to Hedges's age itself (which was not in dispute), this is the only fact alleged in the complaint to constitute evidence of age discrimination. But under any standard of pleading, this would not be sufficient, because the Supreme Court has held that firing an employee to "prevent his pension benefits from vesting," does "not, without more, violate the ADEA." *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 612 (1993). Without an allegation that Madison was using pension

status as a proxy for age, in order to discriminate on the basis of age, *id.* at 612-13, that the pension vested due to age and not years of service (which was not the case here), *id.* at 613, or some other allegations supporting age discrimination, even if it were true that Madison fired Hedges to keep him from his pension, it would not violate the ADEA. Dismissal on this count was proper.

Dismissal of Hedges's ADA and Rehabilitation Act claims was also proper. A person is disabled under the ADA if he has "a physical or mental impairment that substantially limits one or more major life activities ..." 42 U.S.C. § 12102(1)(A). A person is disabled under the Rehabilitation Act when he "(i) has a physical or mental impairment which for such individual constitutes or results in a substantial impediment to employment; and (ii) can benefit in terms of an employment outcome from vocational rehabilitation services …." 29 U.S.C. § 705(20)(A). A person may also be disabled under the Rehabilitation Act if they are disabled under the ADA. *Id.* at § 705(20)(B). Hedges does not allege in his complaint that he is disabled under either of these Acts. He argues instead that the district court should have *inferred* he was disabled because he alleged that he has "suffered a variety of medical conditions, including Lyme Disease, Dry Eye Syndrome, tendonitis, arthritis, high blood pressure, low testosterone levels, and pain in his neck back, shoulder and elbow." But even the most liberal standard of pleadings does not require a court to make such inferences. Even if it did, and Hedges adequately pleaded disability, he has not adequately pleaded discrimination on the basis of disability. Assuming the most minimal of notice pleading standards, a plaintiff is still required to give fair notice to the defendants of the factual bases for his claims. Hedges has not done that, alleging not a single fact in support of his claims of discriminatory treatment which might conceivably give notice of the basis of his claims to the defendants. These counts were also properly dismissed under Rule 12(b)(6).

In addition to his federal law claims, Hedges made a multitude of state law claims, sounding in Connecticut common law, the Connecticut Fair Employment Practices Act ("CFEPA") and due process under the state constitution. The district court exercised its supplemental jurisdiction to dismiss those claims. We review the district court's decision to exercise its supplemental jurisdiction for abuse of discretion. *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006). The Supreme Court has directed federal courts to consider "the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 350 (1988). It has further directed that "[w]hen the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Id.* On the record before us, there is nothing to suggest that the district court conducted the required inquiry. Given the early stage of these proceedings and our deference to state courts, we find the *Carnegie-Mellon* factors all weigh in favor of a dismissal without prejudice as to Hedges's CFEPA and procedural due process claims arising under the Connecticut Constitution. Accordingly, we reverse the district court's dismissal of those state law claims. We remand with instructions to the district court to dismiss those claims without prejudice for reassertion in state court.

Finally, we reject Hedges argument that he should have been granted leave to amend, despite his failure to request such a leave. "'While leave to amend under the Federal Rules of

3

Civil Procedure is 'freely granted,' no court can be said to have erred in failing to grant a request that was not made. As a result, the 'contention that the District Court abused its discretion in not permitting an amendment that was never requested is frivolous.'" *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (*quoting Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249-50 (2d Cir. 2004) (internal citation omitted)).

We have examined appellant's remaining arguments and find them to be without merit.

Accordingly, the judgment of the district court is hereby AFFIRMED in part and REVERSED and REMANDED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk