20-1538-cv
*Sapio v. Selux Corp. et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22ⁿᵈ day of April, two thousand twenty-one.

PRESENT:    JOSÉ A. CABRANES,
            ROSEMARY S. POOLER,
            JOSEPH F. BIANCO,
                        *Circuit Judges.*

---

GLOREE SAPIO,

                *Plaintiff-Appellant,*                          20-1538-cv

                    v.

SELUX CORPORATION, YVONNE RIVERA, Individually and as employees of the Selux Corporation, and ED WOLF, Individually and as employees of the Selux Corporation,

                *Defendants-Appellees.*\*

---

**FOR PLAINTIFF-APPELLANT:**          RYANNE KONAN, Ryanne Konan Law
                                      Office and Legal Services, Wappingers
                                      Falls, NY.

---

\* The Clerk of Court is directed to amend the caption as above.

1

**FOR DEFENDANTS-APPELLEES:**       ROBERT F. MANFREDO, Bond, Schoeneck
& King, PLLC, Albany, NY.

Appeal from a May 6, 2020 judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **VACATED** and the case **REMANDED** for further proceedings.

Plaintiff-Appellant Gloree Sapio ("Sapio") appeals a May 6, 2020 judgment of the District Court dismissing her Amended Complaint ("Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6). Sapio's Complaint asserted claims of racial discrimination under 42 U.S.C. § 1981 ("Section 1981") and the New York Human Rights Law, N.Y. Exec. Law §§ 290-301, and state-law claims for fraud and misrepresentation against Defendants-Appellees Selux Corporation ("Selux") and its employees Yvonne Rivera and Ed Wolf ("Defendants"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The District Court dismissed Sapio's Section 1981 claim on the ground that the Complaint failed to plausibly allege that circumstances surrounding her termination from Selux raised an inference of race discrimination. The District Court held that Sapio's general and conclusory allegations of discriminatory animus—*e.g.*, that her termination "was motivated by [Sapio's] race" or occurred "because [Sapio] was Asian" or because Defendants "wanted to replace [Sapio] with a Caucasian employee"[1]—did not suffice to raise an inference of discriminatory animus.[2] The District Court rejected Sapio's argument that her alleged replacement by a Caucasian employee created a presumption of racial discrimination. Having dismissed Sapio's only federal claim, the District Court declined to exercise jurisdiction over Sapio's state-law claims and dismissed the Complaint in its entirety. The District Court did not reach the issue of whether, as Defendants contend, Sapio released her claims pursuant to a waiver provision in her separation agreement with Selux.

---

[1] Complaint ¶¶ 25, 32, 33.

[2] The District Court appeared to hold that Sapio had otherwise satisfied her pleading burden. *Sapio v. Selux Corp.*, 1:19-cv-11 (GLS/CFH), 2020 WL 2200224, at *2 (N.D.N.Y. May 6, 2020) ("Sapio has arguably met the first three prongs [of her discrimination claim]: (1) she is an Asian-American female from the Philippines, and thus is a member of a protected class,. . . (2) she worked for Selux prior to her termination, which is sufficient to satisfy that she was qualified for the position,. . . and (3) she was terminated from her position at Selux . . . ." (internal citations omitted)).

We review *de novo* a District Court's dismissal of a complaint under Rule 12(b)(6).[3] It is settled that an employment discrimination plaintiff will ordinarily satisfy her "minimal" burden to allege facts supporting an inference of discrimination by alleging her replacement by someone outside her protected class.[4] Sapio has made this allegation here. Moreover, Sapio has alleged an additional basis to infer discrimination—*i.e.*, that Selux gave her false, pretextual reasons for her termination. The District Court therefore erred in holding that Sapio's Complaint failed to raise an inference of discriminatory animus and we accordingly vacate the judgment of May 6, 2020 and remand the case to the District Court for further proceedings. Defendants are free on remand to renew their contention that Sapio has released her claims.

## CONCLUSION

We have considered Defendants' other arguments on appeal and find them to be without merit. For the foregoing reasons, we **VACATE** the May 6, 2020 judgment of the District Court and **REMAND** the case to the District Court for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] *Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 95 (2d Cir. 2010).

[4] *Littlejohn v. City of New York*, 795 F.3d 297, 312-13 (2d Cir. 2015) (quoting *Zimmerman v. Assocs. First Cap. Corp.*, 251 F.3d 376, 381 (2d Cir. 2001); *see also Zimmerman*, 251 F.3d at 381 ("[T]he mere fact that a plaintiff was replaced by someone outside the protected class will suffice for the required inference of discrimination at the *prima facie* stage of the Title VII analysis . . . .") (citation omitted)).

3