20-3125-cv
Connolly v. City of New York

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of March, two thousand twenty-two.

PRESENT:  REENA RAGGI,
          GERARD E. LYNCH,
          RAYMOND J. LOHIER, JR.,
               *Circuit Judges*.

-----------------------------------------------------------------

DELANO CONNOLLY,

     *Plaintiff-Appellant*,

     v.                                        No. 20-3125-cv

CITY OF NEW YORK, JOSEPH CARDIERI,
PAUL SAVARESE, IAN SANGENITO, ALAN
SPUTZ, SUSAN STARKER, FREDDA MONN,

     *Defendants-Appellees.*

-----------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:                    MICHAEL G. O'NEILL, New York, NY

FOR DEFENDANTS-APPELLEES:            MELANIE T. WEST, Assistant Corporation Counsel (Richard Dearing, Barbara Graves-Poller, *on the brief*), *for* James E. Johnson, Corporation Counsel of the City of New York, New York, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (William F. Kuntz, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part, VACATED in part, and REMANDED for further proceedings consistent with this order.

Delano Connolly, an attorney for the Administration for Children's Services ("ACS") of the City of New York, claimed that the City unlawfully discriminated and retaliated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and that the City and the individual Defendants-Appellees also violated 42 U.S.C. § 1983 and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 et seq. Those claims were

2

based on ACS's transferring Connolly to a different unit, conducting a lengthy investigation of sexual harassment allegations made against him by a coworker, denying him promotion, suspending him for alleged unprofessional conduct during interactions with a contract agency's employee in family court, and other actions short of termination that he viewed as adverse.

Connolly now appeals from the August 19, 2020 judgment dismissing some of his retaliation claims as time-barred. Further, he argues that genuine disputes of material fact precluded summary judgment as to his claims of race and gender discrimination as well as retaliation. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm in part, vacate in part, and remand for further proceedings.

We review <u>de novo</u> a district court's grant of both dismissal under Federal Rule of Civil Procedure 12(b)(6) and summary judgment under Rule 56. <u>See</u> <u>Simmons v. Roundup Funding, LLC</u>, 622 F.3d 93, 95 (2d Cir. 2010); <u>Ya-Chen Chen v. City Univ. of N.Y.</u>, 805 F.3d 59, 69 (2d Cir. 2015). At the summary judgment stage, we look to "whether a fair-minded jury could return a verdict

3

for the [non-moving] party on the evidence presented." Jeffreys v. City of New York, 426 F.3d 549, 553 (2d Cir. 2005) (citation omitted).

**I.  Discrimination under Title VII, 42 U.S.C. § 1983, and the NYCHRL**

We analyze discrimination claims under Title VII and § 1983 under the familiar three-step McDonnell Douglas burden-shifting framework. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Littlejohn v. City of New York, 795 F.3d 297, 312 (2d Cir. 2015). First, the plaintiff must establish a prima facie case of discrimination. Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 83 (2d Cir. 2015). Second, if the plaintiff has established a prima facie case, the burden "shifts to the employer to 'articulate some legitimate, nondiscriminatory reason' for the disparate treatment." Id. (quoting McDonnell Douglas Corp., 411 U.S. at 802). Third, "[i]f the employer articulates such a reason for its actions, the burden shifts back to the plaintiff to prove that the employer's reason was in fact pretext for discrimination." Id. (quotation marks omitted). Under the NYCHRL, by contrast, an employer charged with a claim of unlawful discrimination is entitled to summary judgment "if the record establishes as a matter of law that discrimination play[ed] no role in its actions."

4

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 n.8 (2d Cir. 2013) (quotation marks omitted).

In granting summary judgment in favor of the City and the individual defendants, the District Court concluded that Connolly failed to establish a prima facie case of race discrimination under Title VII and § 1983, except as to his failure-to-promote claims, which Connolly has abandoned on appeal. *See* Appellant's Br. at 55 n.14. We agree with the District Court that Connolly's claims of race and sex discrimination stemming from his temporary transfer to ACS's Legal Compliance Unit fail because Connolly failed to adduce either direct evidence of intent to discriminate or any evidence that "give[s] rise to an inference of discrimination." *Vega*, 801 F.3d at 87. We likewise conclude that Connolly failed to adduce such evidence with respect to ACS's investigations of his alleged misconduct, and thus that his Title VII and § 1983 discrimination claims stemming from those investigations fail as well. We conclude further that the Defendants-Appellees were entitled to judgment in their favor on all of the Title VII and § 1983 discrimination claims at issue on appeal because Connolly failed to adduce evidence that the Defendants-Appellees' proffered

legitimate, non-discriminatory reasons for their employment actions, including the internal investigations of Connolly's workplace misconduct and the results of those investigations, were a pretext for discrimination based on Connolly's race or gender.   See Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).[1] Finally, we affirm the District Court's grant of summary judgment on Connolly's claims of discrimination under the NYCHRL for the reasons stated by the District Court: Connolly failed to adduce any evidence that discrimination played a role in the Defendants-Appellees' actions, or that he was treated "less well" because of his race or sex.   Mihalik, 715 F.3d at 110 & n.8.

**II.     Retaliation under Title VII and 42 U.S.C. § 1983**

We turn next to Connolly's retaliation claims under Title VII and § 1983, which are also analyzed under the McDonnell Douglas burden-shifting framework.   Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 110 (2d Cir. 2010); see also Rasmy v. Marriott Int'l, Inc., 952 F.3d 379, 391 (2d Cir. 2020).

---

[1] Insofar as the District Court did not address this or the preceding point, we "are free to affirm on any ground that finds support in the record, even if it was not the ground upon which the trial court relied."   United States v. Delva, 858 F.3d 135, 152 (2d Cir. 2017) (quotation marks omitted).

We first address the District Court's decision to dismiss as time-barred Connolly's retaliation claims arising before November 20, 2013. The District Court dismissed those claims under Rule 12(b)(6) because he failed to file a charge with the Equal Employment Opportunity Commission (EEOC) within 300 days of date the retaliatory act occurred. We conclude that the District Court erred when it failed to consider the "reasonably related" doctrine, which applies where the retaliation is alleged to have occurred, as here, "while the EEOC charge is still pending before the agency." Duplan v. City of New York, 888 F.3d 612, 622 (2d Cir. 2018). In such cases, "the retaliation claim is deemed 'reasonably related' to the original EEOC filing," and the original filing satisfies Title VII's exhaustion requirement as to the retaliation claim. Owens v. N.Y.C. Hous. Auth., 934 F.2d 405, 410–11 (2d Cir. 1991). "The retaliation claim may thus be heard notwithstanding [the] plaintiff's failure to state it in a separate complaint filed with the EEOC." Id. at 411. In dismissing certain retaliation claims as untimely, the District Court relied on the Supreme Court's decision in National R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002). Our decisions after Morgan, however, have continued to recognize an exception for retaliation

claims "reasonably related" to pending EEOC complaints. See, e.g., Duplan, 888 F.3d at 622. The City makes no argument on appeal that those decisions are incorrect. We therefore vacate the District Court's judgment insofar as it dismissed the claims of retaliation that occurred prior to November 20, 2013.

We next address the District Court's grant of summary judgment dismissing on the merits those retaliation claims that it deemed timely. As to those claims, we conclude that Connolly failed to adduce any evidence that the Defendants-Appellees' proffered legitimate, non-retaliatory justifications were a pretext for illegal retaliation. Connolly's evidence of retaliatory motive was conclusory and insufficient to "demonstrate an adequate causal link between his protected activity and allegedly adverse actions." Agosto v. New York City Dep't of Educ., 982 F.3d 86, 104 (2d Cir. 2020). We therefore affirm the District Court's grant of summary judgment on the retaliation claims it deemed to have been timely filed.

We have considered Connolly's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District

Court is AFFIRMED in part, VACATED in part, and REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court