11-265-cv
Saltz v. First Frontier

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1 . WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of June, two thousand twelve,

Present:     ROSEMARY S. POOLER,
            DEBRA ANN LIVINGSTON,
                    *Circuit Judges*.
            BRIAN M. COGAN,[*]
                    *District Judge*.

—————————————————————————————————————————

JACK SALTZ, AS TRUSTEE OF SUSAN SALTZ CHARITABLE
LEAD ANNUITY TRUST, SUSAN SALTZ, SUSAN SALTZ
DESCENDANTS TRUST,

                    *Plaintiffs-Appellants*,

        -v-                                                11-265-cv

FIRST FRONTIER, L.P., FRONTIER CAPITAL MANAGEMENT,
 LLC, FRONTIER ADVISORS CORPORATION, MARK OSTROFF,
"FNU" OSTROFF, BEACON ASSOCIATES LLC I, BEACON
ASSOCIATES MANAGEMENT CORPORATION, IVY ASSET
MANAGEMENT CORPORATION, THE BANK OF NEW YORK
MELLON CORPORATION, JOEL DANZIGER, HARRIS MARKHOFF,
ANCHIN, BLOCK & ANCHIN, LLP, PARENTEBEARD LLC, JOHN DOES 1-100,

                    *Defendants-Appellees*.

—————————————————————————————————————————

[*] The Honorable Brian M. Cogan, United States District Court for the Southern District of New York, sitting by designation.

Appearing for Appellants Susan Saltz Charitable Lead Annuity Trust, Susan Saltz, Susan Saltz Descendants Trust:

Bernard V. Kleinman, Aitken Berlin, LLP, White Plains, N.Y.

Appearing for Appellees First Frontier, L.P., Frontier Capital Management, Frontier Advisors Corp., Mark Ostroff, "FNU" Ostroff:

Jeffrey Q. Smith, Steven G. Brody, Regina A. Lennox, Bingham McCutchen LLP, New York, N.Y.

Appearing for Appellees Beacon Associates Management Corporation, Joel Danziger, Harris Markhoff:

Tab K. Rosenfeld, Steven M. Kaplan, Rosenfeld & Kaplan, LLP, New York, N.Y.

Appearing for Appellees Ivy Asset Management Corporation, The Bank of New York Mellon Corporation:

Lewis J. Liman, Jeffrey A. Rosenthal, Cleary Gottlieb Steen & Hamilton LLP, New York, N.Y.

Appearing for Appellees Anchin, Block & Anchin LLP:

John H. Eickemeyer, Daniel C. Green, Vedder Price P.C., New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Sand, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiffs-Appellants Jack Saltz, as Trustee of Susan Saltz Charitable Lead Annuity Trust, Susan Saltz, Susan Saltz Descendants Trust (hereinafter, "Saltz") brought an action in the Southern District of New York against the above-named defendants in this case, alleging violations of Sections 10(b) and 20(a) of the Securities Act of 1934 as well as various state law claims, arising out of the investments made by First Frontier into Bernard L. Madoff Investment Securities. Defendants-appellees moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which was granted. Saltz now appeals that dismissal. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a district court's grant of a motion to dismiss under Rule 12(b)(6) de novo. *Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 95 (2d Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual

2

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Both Saltz's federal securities claims and common law fraud claims are subject to a heightened pleading standard.  Under Rule 9(b), plaintiffs pleading fraud must "state with particularity the circumstances constituting fraud," though they may allege the state of mind of the defendant generally.  Fed. R. Civ. P. 9(b).  The Private Securities Litigation Reform Act ("PSLRA") also imposes a heightened pleading burden on plaintiffs.  The complaint must "specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading" and "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. §§ 78u–4(b)(1), (2). "Therefore, [w]hile we normally draw reasonable inferences in the non-movant's favor on a motion to dismiss, the PSLRA establishes a more stringent rule for inferences involving scienter because the PSLRA requires particular allegations giving rise to a strong inference of scienter." *ECA, Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 196 (2d Cir.  2009) (internal quotation marks omitted).  A complaint alleging a violation of Section 10(b) must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir.1994) (internal quotation marks omitted).

> Section 10(b) of the Securities Exchange Act makes it
>
> unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange ... [t]o use or employ, in connection with the purchase or sale of any security ... any manipulative or deceptive device or contrivance . . . .

 15 U.S.C. § 78j.  "In a typical § 10(b) private action a plaintiff must prove (1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta*, 552 U.S. 148, 158 (2008). Saltz alleged that First Frontier, L.P., Frontier Capital Management, Frontier Advisors Corp., Mark Ostroff, "FNU" Ostroff (collectively, "First Frontier"); Beacon Associates Management Corporation, Joel Danziger, Harris Markhoff (collectively, "Beacon"); and Ivy Asset Management Corporation, The Bank of New York Mellon Corporation (collectively, "Ivy") violated Section 10(b).

The district court dismissed all of these claims.  As to First Frontier, the district court dismissed for failure to allege scienter. Scienter can be demonstrated by either demonstrating that a defendant had the motive and opportunity to commit fraud or by providing evidence of conscious recklessness. *South Cherry St., LLC v. Hennessee Grp. LLC*, 573 F.3d 98, 108–09 (2d Cir. 2009). As noted, under the PSLRA, a private securities complaint must "state with particularity facts giving rise to a *strong inference* that the defendant acted with the required state of mind." PSLRA § 78u–4(b)(2) (emphasis added).  In *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, the Supreme Court held that to be a strong inference under the PSLRA, "an inference of scienter must be more than merely plausible or reasonable—it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." 551 U.S. 308, 314

3

(2007). The question the Court directed us to ask is: "When the allegations are accepted as true and taken collectively, would a reasonable person deem the inference of scienter at least as strong as any opposing inference?" *Id.* at 326.

Despite being over sixty pages long, the complaint fails to allege any facts which would lead a reasonable person to deem the inference of scienter to be at least as strong as any opposing inference. Starting with motive and opportunity, the only relevant allegation in the complaint is that First Frontier collected an annual management fee of 0.125%.. But we have consistently rejected such a generic motive as sufficient to meet this test. Motive must be "concrete and personal," and "[m]otives that are common to most corporate officers, such as the desire for the corporation to appear profitable and the desire to keep stock prices high to increase officer compensation, do not constitute 'motive' for purposes of this inquiry." *ECA*, 553 F.3d at 198. Without any allegation that such a fee was unusual in some way, we cannot say this is a strong inference of scienter. In *Acito v. IMECERA Group Inc.*, we wrote

> Plaintiffs' allegation that defendants were motivated to defraud the public because an inflated stock price would increase their compensation is without merit. If scienter could be pleaded on that basis alone, virtually every company in the United States that experiences a downturn in stock price could be forced to defend securities fraud actions. [I]ncentive compensation can hardly be the basis on which an allegation of fraud is predicated.

47 F.3d 47, 54 (2d Cir. 1995) (internal quotation marks omitted). The same is true here: if a fully disclosed and otherwise unremarkable fee earned in the ordinary course of business is sufficient to allege motive, then no company would be free from aspersions of fraud. This allegation is not sufficient to support a strong inference of scienter.

The other means of alleging scienter is alleging conscious recklessness. Conscious recklessness is "a state of mind *approximating actual intent*, and *not merely a heightened form of negligence*." *South Cherry*, 573 F.3d at 109, quoting *Novak v. Kasaks*, 216 F.3d 300, 312 (2d Cir. 2000). Since Saltz failed to make a motive showing, "the strength of the circumstantial allegations [of conscious recklessness] must be correspondingly greater. . . ." *ECA*, 553 F.3d at 199. In our circuit,

> At least four circumstances may give rise to a strong inference of the requisite scienter: where the complaint sufficiently alleges that the defendants (1) benefitted in a concrete and personal way from the purported fraud; (2) engaged in deliberately illegal behavior; (3) knew facts or had access to information suggesting that their public statements were not accurate; or (4) failed to check information they had a duty to monitor.

*Id.,* citing *Novak*, 216 F.3d at 311 (internal quotation marks omitted). Saltz does not make any allegation in the first three categories; with respect to the fourth category, he argues that "there is a presumed duty . . . to be aware of what is going on." But he provides no support for such a generalized duty. The only argument Saltz makes on this point is his suggestion that there were red flags around Madoff so obvious that continued investment in light of those flags supports a finding of scienter. But these red flags are insufficient to plead the required strong inference, in part because Saltz makes no allegation supporting the conclusion that First Frontier was aware of

4

them.  To the extent that Saltz is alleging that because red flags existed that would or should have warned off First Frontier had they conducted even basic due diligence, First Frontier had the requisite scienter, this allegation, without more, is insufficient to establish scienter under our precedent.  *See South Cherry*, 573 F.3d at 111-113.

The Section 10(b) claims against Beacon and Ivy are likewise defectively pleaded.  As the district court found, no omission or misstatement was alleged by either of these defendants.  "[R]eliance is the critical element in private actions under Rule 10b–5." *Pacific Inv. Management Co. LLC v. Mayer Brown LLP*, 603 F.3d 144, 156 (2d Cir. 2010).  Without making any allegations supporting reliance on a material misstatement or of an omission by one with a duty to speak, there can be no Section 10(b) liability. Such is the case here. Saltz has entirely failed to plead Section 10(b) claims against these defendants.

We have examined the remainder of appellant's arguments, including his state law claims against all defendants, and find them to be without merit.

Accordingly, the judgment of the district court hereby is AFFIRMED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk