13-3642-cv
*Elendow Fund, LLC v. Rye Inv. Mgmt.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand fourteen.

PRESENT:    PIERRE N. LEVAL,
            DENNY CHIN,
            SUSAN L. CARNEY,
                    *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
ELENDOW FUND, LLC,
                    *Plaintiff-Appellant*,

                    v.                                              13-3642-cv

RYE INVESTMENT MANAGEMENT, TREMONT
CAPITAL MANAGEMENT INC., TREMONT GROUP
HOLDINGS, INC., TREMONT PARTNERS, INC.,
MASSACHUSETTS MUTUAL LIFE INSURANCE CO.,
MASSMUTUAL HOLDINGS LLC, OPPENHEIMER
ACQUISITION CORPORATION, RUPERT ALLAN, JIM
MITCHELL, ROBERT SCHULMAN, RYE SELECT
BROAD MARKET XL FUND, L.P.,
                    *Defendants-Appellees*,

KPMG LLP,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT: LEE S. SHALOV, McLaughlin & Stern, LLP, New York, New York.

FOR DEFENDANTS-APPELLEES     SETH M. SCHWARTZ (Jason C. Vigna, *on the*
Rye Investment Management,    *brief*), Skadden, Arps, Slate, Meagher & Flom
Tremont Capital Management,    LLP, New York, New York.
Tremont Group Holdings, Inc.,
Tremont Partners, Inc., Rupert Allan,
Jim Mitchell, and Robert Schulman:

FOR DEFENDANTS-APPELLEES     CAROL E. HEAD (Joseph L. Kociubes, *on the*
Massachusetts Mutual Life Insurance    *brief*), Bingham McCutchen LLP, Boston,
Co. and MassMutual Holding LLC:    Massachusetts.

FOR DEFENDANT-APPELLEE     David A. Kotler, Dechert LLP, New York,
Oppenheimer Acquisition Corp.:    New York.

FOR DEFENDANT-APPELLEE     Ralph A. Siciliano, Jamie B.W. Stecher, and
Rye Select Broad Market XL Fund,    David J. Kanfer, Tannenbaum Helpern
L.P.:    Syracuse & Hirschtritt LLP, New York, New
York.

Appeal from the United States District Court for the Southern District of

New York (Griesa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Elendow Fund, LLC ("Elendow") appeals from the

district court's September 17, 2013 judgment dismissing Elendow's complaint alleging

securities fraud, common-law fraud, negligent misrepresentation, breach of contract,

and breach of fiduciary duty.  We assume the parties' familiarity with the facts, procedural history, and issues for review, which we summarize briefly below.

Elendow is an investment fund that invested in the Rye Select Broad Market XL Fund, L.P. (the "XL Fund"), which acted as a Bernard Madoff feeder fund, and which also sought to achieve a highly leveraged return tied to the Madoff fund's performance by entering into derivative contracts with various counterparties. Elendow suffered significant losses as a result of the impacts, both direct and indirect, on the XL Fund of Madoff's fraud.  In its complaint, Elendow alleged, *inter alia*, that defendant-appellee Tremont Partners, Inc. ("Tremont"), the general partner of the XL Fund, fraudulently induced it to invest in and become a limited partner with the XL Fund, and that Tremont knew or should have known of the fraudulent aspects of Madoff's operation because Tremont was aware of certain "red flag" warning signs.  The district court below dismissed Elendow's complaint in its entirety under Fed. R. Civ. P. 12(b)(6) and 9(b).

We review the district court's dismissal of Elendow's complaint for failure to state a claim *de novo*.  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Any complaint alleging securities fraud must satisfy the heightened pleading requirements of the [Private Securities Litigation Reform Act, 15 U.S.C. § 78u-

4(b),] and Fed. R. Civ. P. 9(b) by stating with particularity the circumstances constituting fraud." *ECA & Local 134 IBEW Joint Pension Trust of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 196 (2d Cir. 2009).

For substantially the reasons articulated by the district court in its opinion, we affirm. We add only the following:

With respect to Elendow's fraud claims, we agree with the district court that the complaint failed to adequately plead scienter, as similar cases in this Circuit have held. Elendow fails to plead sufficient red flags to show that the inference that Tremont must have been aware of fraud is "at least as compelling as any opposing inference of nonfraudulent intent." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007); *see, e.g., Saltz v. First Frontier, LP*, 782 F. Supp. 2d 61, 71-72 (S.D.N.Y. 2010) (rejecting red flag theory as insufficient to support strong inference of scienter), *aff'd*, 485 F. App'x 461, 464-65 (2d Cir. 2012); *Newman v. Family Mgmt. Corp.*, 748 F. Supp. 2d 299, 310 (S.D.N.Y. 2010) (rejecting red flag theory as less compelling inference compared to nonfraudulent intent), *aff'd*, 530 F. App'x 21, 24 (2d Cir. 2013); *Meridian Horizon Fund, LP v. Tremont Grp. Holdings, Inc.*, 747 F. Supp. 2d 406, 413 (S.D.N.Y. 2010) (rejecting red flag theory as insufficient to support strong inference of scienter), *aff'd*, 487 F. App'x 636, 640 (2d Cir. 2012). As we have previously observed in a similar context, "the more compelling inference as to why Madoff's fraud went undetected for two decades was his proficiency in covering up his scheme and deceiving the SEC and

other financial professionals." *Meridian*, 487 F. App'x at 641 (internal quotation marks omitted).

We similarly agree with the district court's dismissal of Elendow's breach of fiduciary duty claim, which was asserted under Delaware law. The district court held, *inter alia*, that Elendow's claim for breach of fiduciary duty was derivative, and could therefore be brought only by the XL Fund. To determine whether Elendow's claim is derivative or direct, we consider the following questions: "(1) who suffered the alleged harm . . . ; and (2) who would receive the benefit of any recovery or other remedy . . . ?" *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1033 (Del. 2004); *Albert v. Alex. Brown Mgmt. Servs., Inc.*, No. Civ.A. 762-N, Civ.A. 763-N, 2005 WL 2130607, at *12 (Del. Ch. Aug. 26, 2005). The Delaware Supreme Court has explained that "[t]he stockholder's claimed direct injury must be independent of any alleged injury to the corporation. The stockholder must demonstrate that the duty breached was owed to the stockholder and that he or she can prevail without showing an injury to the corporation." *Tooley*, 845 A.2d at 1039. Here, Elendow's damages would be measured by the difference between the values of its investments before and after the XL Fund suffered losses in its Madoff investments. As Elendow's injury is intertwined with the XL Fund's injury, Elendow's action may be brought only as a derivative action. *See Feldman v. Cutaia*, 951 A.2d 727, 733 (Del. 2008) (concluding that claims are derivative in nature when harm arises solely out of stock ownership).

\* \* \*

We have considered Elendow's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk