**AQUA CREATIONS USA INC., Aqua Creations Ltd., Plaintiffs–Appellants,**

v.

**HILTON WORLDWIDE, INC., f/k/a Hilton Hotels Corp.,[1] Defendant–Appellee.**

**No. 11–1798–cv.**

United States Court of Appeals, Second Circuit.

July 9, 2012.

Michael J. Rye, Cantor Colburn LLP, Hartford, C.T., for Appellants.

Robert N. Phillips (David J. de Jesus, Adam M. Forest, on the brief), Reed Smith LLP, San Francisco, C.A., for Appellee.

Present: ROSEMARY S. POOLER, REENA RAGGI and GERARD E. LYNCH, Circuit Judges.

**SUMMARY ORDER**

Plaintiffs–Appellants Aqua Creations USA Inc. and Aqua Creations Ltd. ("Aqua") brought suit alleging copyright

1. We direct the Clerk of Court to amend the official caption of this case to reflect the parties' designations herewith.

infringement and unjust enrichment against Defendant–Appellee Hilton Worldwide Inc., f/k/a Hilton Hotels Corporation ("Hilton") in the United States District Court for the Southern District of New York. After giving Aqua an opportunity to amend its complaint twice, the district court granted Hilton's motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a district court's grant of a motion to dismiss under Rule 12(b)(6) de novo. *Simmons v. Roundup Funding, LLC,* 622 F.3d 93, 95 (2d Cir.2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation marks and citation omitted). In reviewing a Rule 12(b)(6) dismissal, we "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937. A complaint must allege facts that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679, 129 S.Ct. 1937. It must allege facts that state a "plausible claim for relief." *Id.*

"In any suit for copyright infringement, the plaintiff must establish its ownership of a valid copyright...." *Computer Assocs. Int'l, Inc. v. Altai, Inc.,* 982 F.2d 693, 701 (2d Cir.1992). Plaintiffs claiming copyright infringement must then plead facts supporting the allegation of ownership of a valid copyright. Though registration is "prima facie evidence of the validity of the copyright," 17 U.S.C. § 410, the works at issue here are unregistered, having been denied registration by the Copyright Office. They are also "useful articles" under the Copyright Act, because they "hav[e] an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information." *Id.* § 101. The design of a useful article is copyrightable "only to the extent that, such design incorporates pictorial, graphic, or sculptural features that *can be identified separately from, and are capable of existing independently of,* the utilitarian aspects of the article." *Id.* (emphasis added).

"[I]f a useful article incorporates a design element that is physically or conceptually separable from the underlying product, the element is eligible for copyright protection." *Chosun Int'l, Inc. v. Chrisha Creations, Ltd.,* 413 F.3d 324, 328 (2d Cir. 2005). A component of a useful article is physically separable when it "can actually be removed from the original item and separately sold, without adversely impacting the article's functionality." *Id.* at 329 (citing *Mazer v. Stein,* 347 U.S. 201, 218–19, 74 S.Ct. 460, 98 L.Ed. 630 (1954) (holding that copyrighted statute of a dancer used as a lamp base remained protected)). As to conceptual severability, "if design elements reflect a merger of aesthetic and functional considerations, the artistic aspects of a work cannot be said to be conceptually separable from the utilitarian elements. Conversely, where design elements can be identified as reflecting the designer's artistic judgment exercised independently of functional influences, conceptual separability exists." *Brandir Int'l, Inc. v. Cascade Pac. Lumber Co.,* 834 F.2d 1142, 1145 (2d Cir.1987).

The second amended complaint in this case contains no more than the sort of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that *Iqbal* rejected as insufficient to state a claim. 556 U.S. at 678, 129 S.Ct. 1937. Aqua does not plead *any facts* at all in support of its conclusions that the lamps have separable elements. The complaint does not even identify what those elements are. The most Aqua has done is assert that its lamps are conceptually and physically separable, but we are not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions." *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir.2008) (internal quotation marks omitted). Neither conceptual nor physical separability was adequately pleaded here.

Nor is this a purely technical deficiency that could be cured by an amended pleading. First, Aqua has already been given, and taken, an opportunity to file an amended complaint in response to Hilton's argument that its initial complaint was deficient. Second, even on appeal, Aqua has been unable to explain why the elements of the design to which it points do "not reflect a merger of aesthetic and functional considerations," *Brandir Int'l*, 834 F.2d at 1145, insofar as the aesthetic choices made by Aqua are necessarily intertwined with the need of the fixture to fulfill its function of lighting the ballroom.

We have examined the remainder of Aqua's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.