12-317-cv
*Heptagon Creations Ltd. v. Core Group Marketing LLC et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of January, two thousand thirteen.

PRESENT:

GUIDO CALABRESI,
DEBRA ANN LIVINGSTON,
GERARD E. LYNCH,
　　　　　*Circuit Judges.*

───────────────────────────────────────────

HEPTAGON CREATIONS LTD.,
　　　　　*Plaintiff-Appellant*,

　　　-v.-　　　　　　　　　　　　　　　　　No. 12-317-cv

CORE GROUP MARKETING LLC, PLESKOW & RAEL CORP.,
THOMAS RAEL,
　　　　　*Defendants-Appellees.*

───────────────────────────────────────────

TIM BUKHER (Anthony H. Handal, *on the brief*), Handal & Morofsky, LLC, New York, New York, *for Plaintiff-Appellant*.

JONATHAN P. WOLFORT (Jay W. Cho, *on the brief*), Seyfarth Shaw LLP, New York, New York, *for Defendant-Appellee Core Group Marketing LLC*.

SARAH B. BISER (Richard Green, *on the brief*), McCarter & English, LLP, New York, New York*, for Defendants-Appellees Pleskow & Rael Corp., Thomas Rael.*

1

Appeal from the judgment of the United States District Court for the Southern District of New York (Swain, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment of the District Court entered December 23, 2011 is **AFFIRMED.**

Plaintiff-Appellant Heptagon Creations Ltd. ("Heptagon") appeals from a judgment granting Defendants-Appellees' motion to dismiss the First Amended Complaint in its entirety for failure to state a claim upon which relief can be granted. A designer of high-end furniture, Heptagon contends that the District Court erred in dismissing its claim for copyright infringement against Defendants-Appellees Core Marketing Group, LLC, Pleskow & Rael Corporation, and Thomas Rael ("Defendants") for copying nine of its furniture designs without permission. Because Heptagon does not press any of its other claims on appeal, it has waived those claims. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (holding issues not raised in appellate brief are waived).

We review a district court's grant of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) *de novo*, accepting all well-pleaded factual allegations as true, and drawing all reasonable inferences in favor of the plaintiff. *Ashland Inc. v. Morgan Stanley & Co., Inc.*, 652 F.3d 333, 337 (2d Cir. 2011). "For a complaint to be sufficient, the claim asserted must be one that, in light of the factual allegations, is at least 'plausible.'" *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012) (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007)). We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal, which we reference only as necessary to explain our decision to affirm.

\*   \*   \*

Heptagon contends that the District Court erred in dismissing its claim for copyright infringement because its complaint plausibly alleges that each of the nine pieces of furniture contains design elements that are conceptually separable from the furniture's utilitarian elements, so that these features are entitled to copyright protection. We disagree.

Assuming *arguendo* that Heptagon's claim is not barred by Heptagon's failure to adhere to the procedural requirements of 17 U.S.C. § 411(a), Heptagon has failed plausibly to allege that any of the nine pieces of furniture is eligible for copyright protection. "In any suit for copyright infringement, the plaintiff must establish its ownership of a valid copyright . . . ." *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 701 (2d Cir.1992). Copyright protection does not extend to "useful articles," but individual design elements that comprise a portion of a utilitarian article may be eligible for copyright protection if the design element is either physically or conceptually separable from the article's functional elements. *Chosun Int'l, Inc. v. Chrisa Creations, Ltd.*, 413 F.3d 324, 328 (2d Cir. 2005); *see also* 17 U.S.C. § 101 ("[T]he design of a useful article, as defined in this section, shall be considered a pictorial, graphic, or sculptural work only if, and only to the extent that, such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article.").

The Copyright Office twice rejected Heptagon's copyright registration application for the furniture line because it found the furniture to be utilitarian. This, while not dispositive, is relevant to our consideration. *See Estate of Burne Hogarth v. Edgar Rice Burroughs, Inc.*, 342 F.3d 149, 167 n.22 (2d Cir. 2003). Additionally, the complaint does not plausibly allege facts indicating that the furniture contains design elements that are conceptually separable from the furniture's utilitarian functions. *Cf. Brandir Int'l Inc. v. Cascade Pacific Lumber Co.*, 834 F.2d 1142, 1145 (2d Cir. 1987)

("[I]f design elements reflect a merger of aesthetic and functional considerations, the artistic aspects of a work cannot be said to be conceptually separable from the utilitarian elements."). The complaint does not plausibly allege that the designs of the Tate Chaise, Z-Stool, and Shimne Vase are independent of the functional needs of the furniture (*i.e.*, to support weight or house plants). Similarly, though aesthetic considerations likely influenced the choice of wood in the Cocoon Chair, that choice was also dictated by the functional concern that a person sitting in the chair have a surface on which to rest his arms. *See* Compl. ¶49b (alleging that "[t]he armrests are supported by the arcuate sculptural form which forms both of them"). The design elements that the complaint identifies in the lamps, including the texture of the lamp shades, are not akin to "fanciful designs" imprinted on a lamp base, which might be copyrightable, but rather are related to "the lamp[s'] utilitarian function as [devices] used to combat darkness." *Chosun Int'l*, 413 F.3d at 328. Lastly, at least in this case, the wood grain patterns in the two tables are physically inseparable from the tables and are conceptually inseparable from functional considerations, such as the need to place the wood pieces in a manner to form a flat surface and support weight. Any remaining aspects of the pattern are simple geometric forms that lack sufficient originality to be copyrightable. In such circumstances, the complaint cannot plausibly allege that Heptagon is entitled to copyright protection for such elements. *See Brandir*, 834 F.2d at 1145.

We have reviewed Heptagon's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4