Ochre v. Rockwell Architecture, Planning & Design, P.C.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 16th day of July, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
             SUSAN L. CARNEY,
                         *Circuit Judges.*

────────────────────────────────────────────────────────

OCHRE LLC, a New York Limited Liability Company,

                    *Plaintiff-Appellant*,

            -v-                                          13-0005-cv

ROCKWELL ARCHITECTURE, PLANNING AND DESIGN, P.C.,
a New York Professional Corporation, PROJECT DYNAMICS, INC.,
a Delaware Corporation, BRAD H. FRIEDMUTTER - CA, INC.,
a California Corporation, DBA FRIEDMUTTER GROUP, NEVADA
PROPERTY 1 LLC, a Nevada Limited Liability Corporation and wholly-
owned subsidiary of Deutsche Bank Trust Company Americas,
a New York Corporation,

                    *Defendants-Appellees*.[*]

────────────────────────────────────────────────────────

Appearing for Appellant:          Ronald D. Coleman, Goetz Fitzpatrick LLP, New York,
                                  NY

───────────────────────

[*] The Clerk of the Court is directed to amend the caption as set out above.

Appearing for Appellees:     Kriton A. Pantelidis (Kevin Jude O'Neill), Gogick, Byrne
& O'Neill, LLP, New York, NY *for Rockwell Architecture,
Planning & Design, P.C.*

Steven L. Young (Jana A. Slavina, *on the brief*), Wilson,
Elser, Moskowitz, Edelman & Dicker LLP, White Plains,
NY *for Project Dynamics, Inc.*

David M. Pollack, Lewis Brisbois Bisgaard & Smith LLP,
New York, NY *for Brad H. Friedmutter–CA, Inc.*

Philippe A. Zimmerman, Moses & Singer LLP, New York,
NY *for Nevada Property 1 LLC*

Appeal from the United States District Court for the Southern District of New York (Forrest, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Ochre LLC appeals from the district court's November 30, 2012 judgment dismissing with prejudice its claim for violation of the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, and declining to exercise supplemental jurisdiction over its state law claims. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review the district court's grant of a Rule 12(b)(6) motion to dismiss de novo, accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). To withstand dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

As an initial matter, "[i]n any suit for copyright infringement, the plaintiff must establish its ownership of a valid copyright, and that the defendant copied the copyrighted work." *Computer Assoc. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 701 (2d Cir. 1992). Therefore, a complaint alleging copyright infringement must plead sufficient facts to support the allegation that a plaintiff owned a valid copyright.

The Copyright Act provides protection to "useful article[s]," items that have "an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information," "only if, and only to the extent that, [their] design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article." 17 U.S.C. § 101. Even if such useful

2

articles are aesthetically pleasing or paragons of a design movement, "Congress has explicitly refused copyright protection for works of applied art or industrial design which have aesthetic or artistic features that cannot be identified separately from the useful article. Such works are not copyrightable regardless of the fact that they may be aesthetically satisfying and valuable." *Carol Barnhart Inc. v. Econ. Cover Corp.*, 773 F.2d 411, 418 (2d Cir. 1985) (internal quotation marks omitted). While useful articles as a whole are not copyrightable, "if a useful article incorporates a design element that is physically or conceptually separable from the underlying product, the element is eligible for copyright protection." *Chosun Int'l, Inc. v. Chrisha Creations, Ltd.*, 413 F.3d 324, 328 (2d Cir. 2005).

A component of a useful article is physically separable when it "can actually be removed from the original item and separately sold, without adversely impacting the article's functionality." *Id.* at 329. In establishing the test to identify conceptual separability, this Circuit held that "if design elements reflect a merger of aesthetic and functional considerations, the artistic aspects of a work cannot be said to be conceptually separable from the utilitarian elements. Conversely, where design elements can be identified as reflecting the designer's artistic judgment exercised independently of functional influences, conceptual separability exists." *Brandir Int'l, Inc. v. Cascade Pac. Lumber Co.*, 834 F.2d 1142, 1145 (2d Cir. 1987).

The light fixtures in the instant case are plainly useful articles, as they have an "intrinsic utilitarian function" of providing light to a room. 17 U.S.C. § 101; *see, e.g.*, *Heptagon Creations Ltd. v. Core Grp. Mktg. LLC*, 507 F. App'x 74 (2d Cir. 2013); *Aqua Creations USA Inc. v. Hilton Worldwide, Inc.*, 487 F. App'x 627 (2d Cir. 2012). Ochre did not plead sufficient facts to make it plausible that the light fixtures in question have either physically or conceptually separable elements that are entitled to copyright protection. In fact, the second amended complaint ("SAC") does not even identify what element of the fixtures Ochre claims is copyrightable. With respect to separability, the second amended complaint contains only the sort of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that are insufficient to survive a motion to dismiss under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678.

To the extent that Ochre now appears to argue that the light fixtures are copyrightable as a whole and that this was pleaded in the SAC by its description of the visual impact of the fixtures, these facts do not make it plausible that Ochre holds a valid copyright. "[O]ne may not copyright the general shape of a lamp, because its overall shape contributes to its ability to illuminate the reaches of a room." *Chosun*, 413 F.3d at 328.

The pleading deficiencies are not simply technical ones that could be cured by an amended pleading. Ochre has already twice been given, and taken, an opportunity to file an amended complaint. Moreover, even now, Ochre has been unable to explain why the elements of the design to which it points do not "reflect a merger of aesthetic and functional considerations," *Brandir*, 834 F.2d at 1145, insofar as the aesthetic choices made by Ochre in the design of the chandeliers are necessarily intertwined with the need of the fixture to fulfill its function of lighting the hotel rooms.

3

We have considered Ochre's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk